(C.R.D. 73–18)

EHRENREICH PHOTO OPTICAL INDUSTRIES, INC. *v.* UNITED STATES

Court Nos. 68/20078, etc.

(Dated September 28, 1973)

*Serko & Sklaroff* (*Irving A. Mandel* of counsel) for the plaintiff.
*Irving Jaffe,* Acting Assistant Attorney General (*John N. Politis,* trial attorney), for the defendant.

### (1)

NEWMAN, Judge: On July 11, 1973, I granted defendant's unopposed motion for a more definite statement. Plaintiff has now moved to vacate my order of July 11 and to file out of time a reply to defendant's motion. In an affidavit accompanying plaintiff's motion, it is averred that an opposition to defendant's motion for a more definite statement was not timely interposed due to the unfortunate circumstance that the attorney responsible for handling these cases had been seriously injured in an automobile accident, and was hospitalized.

Defendant indicates in its memorandum that it has no objection to plaintiff's motion for a vacatur. Accordingly, I have concluded that plaintiff's motion should be granted; and pursuant to the provisions of rule 12.1, I shall reconsider the merits of defendant's motion for a more definite statement.

### (2)

Defendant's motion is denied for the following reasons.

In its motion for a more definite statement, defendant originally contended that the complaints filed by plaintiff in these protests were

defective in several respects, viz.: the complaints did not comply with rules 4.5B(2), 4.5B(3), 4.5B(5), 4.5B(7), 4.3(b); and defendant further argued that the complaints do not adequately describe the merchandise in issue. However, now defendant urges only the latter contention.

Specifically, defendant insists that the description of the merchandise is paragraph 3 of the complaints does not coincide with the merchandise protested, and consequently plaintiff has failed to comply with rule 4.5(a)(4), which reads:

> **(a) General:** The complaint in a civil action shall set forth:
> \* \* \* \* \* \* \*
> (4) a description of the merchandise involved;

The short of the matter is that defendant's contention is without merit.

First, it must be pointed up that these cases are protests rather than "civil actions", and therefore rule 4.5(a) has no application to these complaints. Under rule 3.1(a) the term "civil action" refers to an action commenced by filing a summons pursuant to 28 U.S.C. § 2632, as amended, while a "protest" refers to an action filed pursuant to section 514 of the Tariff Act of 1930, as amended (19 U.S.C. § 1514) and forwarded to the court pursuant to section 515 (19 U.S.C. § 1515). None of these actions were commenced by the filing of a summons, and hence are not civil actions in which the complaints are governed by rule 4.5(a). Rather, these cases are protests, and thus the requisites of these complaints are governed by rule 4.5B. Unlike rule 4.5(a)(4), requiring that a complaint in a civil action describe the merchandise involved, rule 4.5B affecting protests contains no such specific requirement.

Secondly, if defendant believes that paragraph 3 of the complaints inaccurately describes the merchandise under protest, defendant in its answer may deny the allegations of paragraph 3 insofar as the merchandise description is believed to be inaccurate; and defendant may then, under rule 4.6(a)(2), state its contention as to the merchandise covered by the action.

It must be emphasized that the protests here—not the complaints—govern the merchandise over which the court has jurisdiction. Moreover, all merchandise within the scope of the protests remains in issue unless there is a limitation expressed by plaintiff in the complaints. The complaints here do not express any such limitation. For these reasons, I perceive no indefiniteness concerning the merchandise in issue under the complaints.

Accordingly, my order of July 11, 1973 granting defendant's motion on default for a more definite statement is vacated; and defendant's motion for a more definite statement is denied.